```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
FREDY TOXQUI POJARITO               :
                Plaintiff,          :   14 Civ. 5844 (HBP)
     -against-                      :   OPINION
                                        AND ORDER
LA PENTOLA ITALIAN PIZZERIA,        :
INC., d/b/a "La Pentola," et al.,
                                    :
                Defendants.
                                    :
-----------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/20/17

PITMAN, United States Magistrate Judge:

This matter is before me on the parties' joint application to approve the parties' settlement. All parties have consented to my exercising plenary jurisdiction pursuant to 28 U.S.C. § 636(c).

This is an action brought by an individual who was formerly employed as a cook and kitchen helper at defendants' restaurant and seeks unpaid minimum wages, overtime premium pay, spread-of-hours pay and liquidated and statutory damages. The action is brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., and the New York Labor Law. Plaintiff alleges that he worked for defendants from late July 2008 through July 2014, worked an average of 72 hours per seek and was paid a flat salary of $350 per week until 2013 and $500 per week there-

after. Plaintiff claims that his claims for unpaid minimum wages and unpaid overtime premium pay total approximately $50,000 exclusive of liquidated damages.

Defendants admit that plaintiff worked for them but contest the number of hours claimed by plaintiff and also claim that from 2011 to 2012, plaintiff did no work for defendants but worked at a different restaurant instead. Defendants do not admit that plaintiff is owed any damages. Defendants also claim that they lack the assets to pay a substantial settlement or judgment.

Neither side has any documentary evidence to support their positions, and it is not known whether there are any disinterested witnesses with relevant knowledge.

I held a lengthy settlement conference with counsel and their clients on February 6, 2015 at which the parties agreed to settle the action for a total of $27,000.00. After deduction of counsels fee, plaintiff's net settlement will be approximately $18,000.00

> Court approval of an FLSA settlement is appropriate
>
> "when [the settlement] [is] reached as a result of contested litigation to resolve bona fide disputes." Johnson v. Brennan, No. 10 Civ. 4712, 2011 WL 4357376, at *12 (S.D.N.Y. Sept. 16, 2011). "If the proposed settlement reflects a reasonable compromise over con-tested issues, the court should approve the settle-

2

ment." Id. (citing Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 n. 8 (11th Cir. 1982)). Agudelo v. E & D LLC, 12 Civ. 960 (HB), 2013 WL 1401887 at *1 (S.D.N.Y. Apr. 4, 2013) (Baer, D.J.). "Generally, there is a strong presumption in favor of finding a settlement fair, [because] the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." Lliguichuzhca v. Cinema 60, LLC, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013) (Gorenstein, M.J.) (inner quotation marks and citations omitted). "Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement." Beckman v. Keybank, N.A., 293 F.R.D. 467, 476 (S.D.N.Y. 2013) (Ellis, M.J.), citing Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353-54 (11th Cir. 1982). The presumption of fairness in this case is bolstered by the caliber of the parties' counsel. All parties are represented by counsel who are known to me to be extremely knowledgeable regarding wage and hour matters and who are well suited to assess the risks of litigation and the benefits of the proposed settlement.

In Wolinsky v. Scholastic, Inc., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012), the Honorable Jesse M. Furman, United States

District Judge, identified five factors that are relevant to an assessment of the fairness of an FLSA settlement:

> In determining whether [a] proposed [FLSA] settlement is fair and reasonable, a court should consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

(Inner quotations and citations omitted). The settlement here satisfies these criteria.

The actual damages sought by plaintiff, exclusive of liquidated damages, are approximately $50,000.00. Thus, the settlement represents approximately 32% of the actual damages alleged by plaintiff.

Second, the settlement will entirely avoid the burden, expense and aggravation of litigation. Plaintiff's case rests entirely on plaintiff's oral testimony, and litigating the case would require the taking of several depositions. The settlement avoids the expense and burden of these depositions.

Third, the settlement will enable plaintiff to avoid the risk of litigation. Defendants contest the hours claimed by plaintiff, claim that he worked for another restaurant for at

4

least one of the years in issue and also claim that they lack the assets to satisfy a large judgment or settlement. Although the settlement does not provide plaintiff with the majority of the damages plaintiff claims, it does provide him with a substantial sum and eliminates the risk that a fact finder may credit defendants.

Finally, given the fact that the settlement was reached at a conference before me during which a a substantial number of offers and counter-offers were made, I am confident that it is the product of arm's-length bargaining between experienced counsel and that no fraud or collusion affected the parties' negotiations.

It is my understanding that plaintiff's counsel will receive one-third of the settlement figure as a contingency fee. Contingency fees of one third in FLSA cases are routinely approved in this Circuit. Santos v. EL Tepeyac Butcher Shop Inc., 15 Civ. 814 (RA), 2015 WL 9077172 at *3 (S.D.N.Y. Dec. 15, 2015) (Abrams, D.J.) ("courts in this District have declined to award more than one third of the net settlement amount as attorney's fees except in extraordinary circumstances"); Rangel v. 639 Grand St. Meat & Produce Corp., No. 13-CV-3234 (LB), 2013 WL 5308277 at *1 (E.D.N.Y. Sept. 19, 2013) (approving attorneys' fees of one-third of FLSA settlement amount, plus costs, pursuant to

5

plaintiff's retainer agreement, and noting that such a fee arrangement "is routinely approved by the courts in this Circuit"); Febus v. Guardian First Funding Group, LLC, 870 F. Supp. 2d 337, 340-41 (S.D.N.Y. 2012) (Stein, D.J.) ("a fee that is one-third of the fund is typical" in FLSA cases); accord Calle v. Elite Specialty Coatings Plus, Inc., No. 13-CV-6126 (NGG)(VMS), 2014 WL 6621081, at *3 (E.D.N.Y. Nov. 21, 2014); Palacio v. E*TRADE Fin. Corp., 10 Civ. 4030 (LAP), 2012 WL 2384419 at *6 (S.D.N.Y. June 22, 2012) (Freeman, M.J.). The fee award is, therefore, approved.

Accordingly, I approve the settlement in this matter. In light of the settlement, the action is dismissed with prejudice and without costs. The Clerk of the Court is requested to mark this matter closed.

Dated:  New York, New York
        July 20, 2017

SO ORDERED

HENRY PITMAN
United States Magistrate Judge

Copies transmitted to:

All Counsel